O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § § RAJITHA K. NAIR, § Debtor § _____§ § TRIAD FINANCIAL CORP., § § Appellant, § v. § RAJITHA K. NAIR and DANIEL E. § O'CONNELL, TRUSTEE, § § Appellees. § | CIVIL ACTION NO. H-05-212 |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 158, Appellant Triad Financial Corp. appeals the December 16, 2004, Memorandum Opinion and Order of the United States Bankruptcy Court for the Southern District of Texas Barring Future Violations of Bankruptcy Rule 9011. After having carefully reviewed the record and the applicable law, the Court concludes that the Bankruptcy Court's December 16, 2004, Order should be affirmed.

**I.  Procedural History**

This appeal relates to a Chapter 13 filing by Debtor Rajitha K. Nair. After confirmation of the Chapter 13 Plan in May 2003,

and Nair's subsequent failure to make the required payments on a 2001 Mazda Tribute, Triad Financial Corporation ("Triad"), the lienholder, filed a motion for relief from the automatic stay in order to repossess the vehicle.  Prior to that motion being ruled upon by the Bankruptcy Court, Triad and Nair filed a proposed agreed order, which modified the § 362(a) automatic stay, and which required Nair to: (1) maintain insurance on the vehicle; (2) pay the arrears due on the vehicle loan with payments of $149.28 over a six month period; and (3) pay Triad's attorney's fees, in the amount of $550.00, over the same six month period.  Document No. 70 in Case No. 03-31579-H1-13.  The Bankruptcy Court initially refused to sign the agreed order because of the provision for the payment of Triad's attorney's fees, and issued a show cause order requiring Triad's counsel to show cause why the inclusion of such an attorney's fee provision in the proposed agreed order was not sanctionable under Bankruptcy Rule 9011.

On November 12, 2004, at the show cause hearing, the Bankruptcy Court determined that sanctions were appropriate. The Bankruptcy Court also determined that the parties' Agreed Order Modifying Stay, with the provision for attorney's fees crossed out, could be signed and entered.  The Bankruptcy Court then, in a written opinion entered on December 16, 2004, sanctioned Triad's counsel, J. Ward Holliday, for including the attorney's fees provision in the agreed order.  Holliday was sanctioned as follows:

    1.    Effective immediately, J. Ward Holliday and all persons working in active concert with him are prohibited, directly or indirectly, from filing any pleading or proposed order in the United States Bankruptcy Court for the Southern District of Texas seeking an award of attorney's fees for a creditor that:

        A.    Holds a lien on a vehicle or other personal property; and

        B.    Is undersecured.

    2.    The Clerk of the Court shall serve a copy of this Order on each of the standing chapter 13 trustees, and on counsel to each of the standing chapter 13 trustees in the Southern District of Texas.

    3.    Daniel O'Connell, the chapter 13 trustee in this case, is made a party in interest to this order for all purposes.

    4.    Within 60 days of entry of this Order, J. Ward Holliday shall adopt procedures making the terms of paragraph 1 of this Order effective in all filings made by his law firm throughout the United States. Nothing in this order authorizes J. Ward Holliday to violate FED. R. BANKR. P. 9011 during the implementation period.

    5.    Paragraph 4 of this Order is stayed pending the outcome of any appeal to the United States District Court. If this matter is further appealed to the Fifth Circuit Court of Appeals, this stay will terminate unless otherwise ordered by the District Court.

Document No. 87 in Case No. 03-31579-H1-13, at 14-15. Triad appeals the Bankruptcy Court's Memorandum Opinion and Order Barring Future Violations of Bankruptcy Rule 9011.[1]

---

[1] This appeal consists of two appeals that were consolidated–– Triad's appeal of the December 16, 2004 Memorandum Opinion and Order (Civil Action No. H-05-212), and Triad's appeal of the Bankruptcy Court's oral ruling at the November 12, 2004, show cause hearing (Civil Action No. H-04-4668). The Bankruptcy Court's order

**II.  Issues**

Triad identifies three issues to be resolved in this appeal:

1.  Are undersecured secured creditors permitted to enter into Agreed Orders Modifying Stay which include a provision for the Debtor to reimburse secured creditor's attorney's fees incurred?

2.  Does the conduct of Appellant's counsel rise to the level of Bankruptcy Rule 9011 sanctions?

3.  If so, does the Bankruptcy Court have jurisdictional standing to prevent Counsel from filing any Agreed Order pursuant to 11 U.S.C. § 362 anywhere in the United States which provide attorney fees for an undersecured creditor?

Appellant's Brief (Document No. 5) at 2-3.  The fundamental issue, of course, is whether the Bankruptcy Court abused its discretion in imposing the sanctions ordered.

**III.  Discussion**

The Bankruptcy Court made a basic legal determination relevant to this appeal, namely, that attorney's fees are not available to undersecured creditors under 11 U.S.C. § 506.[2]  The Bankruptcy

---

of oral sanctions at the Show Cause hearing held on November 12, 2004, was superseded by the Bankruptcy Court's written Memorandum Opinion and Order of December 16, 2004, and Triad's appeal of the oral ruling on November 12, 2004, is therefore moot.

[2] Although Triad argues at one point in its brief that the Bankruptcy Court erred in determining that Triad was an undersecured creditor, that factual finding, to the extent it is being challenged by Triad, is not clearly erroneous.  *See* Rule 8013.  In the Motion for Relief from the Automatic Stay that Triad filed, Triad represented that it held a secured claim in the amount

Court then concluded that counsel's submission of a proposed agreed order that included the payment of attorney's fees to an undersecured creditor constituted sanctionable conduct under Bankruptcy Rule 9011.  Legal conclusions are subject to *de novo* review.  Matter of Foster Mortgage Corp., 68 F.3d 914, 917 (5th Cir. 1995).  The Bankruptcy Court's decision to assess sanctions against Triad is reviewed for abuse of discretion.  In re First City Bancorporation of Texas, Inc., 282 F.3d 864, 867 (5th Cir. 2002); Matter of Terrebonne Fuel and Lube, Inc., 108 F.3d 609, 613 (5th Cir. 1997).

### A. Attorney's fees for undersecured creditors

The only Bankruptcy Code provision that allows a creditor to recover attorney's fees in Chapter 13 cases is 11 U.S.C. § 506(b), which allows attorney's fees only for oversecured creditors:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

*See also* In re Kamai, 316 B.R. 544, 548 (9th Cir. BAP 2004) ("Under § 506(b), a creditor is entitled to attorneys' fees if (1) the

---

of $13,738.88, and that the retail value of the vehicle was $12,625.00.  Document No. 70 in Case No. 03-31579-H1-13.

claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement."); In re Atighi, 317 B.R. 792, 795 (Bankr. C.D. Ca. 2004) (same).

In United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., 108 S. Ct. 626, 630-632 (1988), the Supreme Court made clear that oversecured creditors may obtain interest on their claims under § 506(b), but undersecured creditors cannot. While the Supreme Court in Timbers did not consider the availability of attorney's fees to undersecured creditors under § 506(b), there is nothing in the Timbers decision, or any other reported decision since Timbers, to suggest that attorney's fees would be treated differently than interest under § 506(b). *See* In re Pride Companies, L.P., 285 B.R. 366, 372-77 (Bankr. N.D. Tex. 2002) (siding with the majority of courts that have held that unsecured and undersecured creditors are not entitled to recover their post-petition attorney's fees); In re Saunders, 130 B.R. 208, 214 (Bankr. W.D. Va. 1991) ("An undersecured or unsecured creditor cannot recover contractual attorneys' fees for work performed postpetition."); In re Sakowitz, Inc., 110 B.R. 268, 272 (Bankr. S.D. Tex. 1989) ("it is clear that the statutory scheme provided for by the Congress in the Bankruptcy Code excludes attorney fees earned post-petition on unsecured proofs of claim or on the unsecured portion of a secured claim notwithstanding any

contractual (or statutory) provision which would allow such fees outside of bankruptcy").

Moreover, attorney's fees in federal court are governed by what is known as the "American rule," whereby attorney's fees are generally recoverable only if specifically provided for by statute, *see* <u>Alyeska Pipeline Svc. Co. v. The Wilderness Society</u>, 95 S. Ct. 1612, 1623-24 (1975). There is <u>no</u> statutory provision for attorney's fees for undersecured creditors seeking relief from the automatic stay. The Bankruptcy Court did not err in concluding that undersecured creditors are not entitled to a modification of the automatic stay to require the Debtor to reimburse the attorney's fees of the undersecured creditor.

**B. Sanctions under Bankruptcy Rule 9011**

Rule 9011(b) of the Bankruptcy Code, like Rule 11 of the Federal Rules of Civil Procedure, requires counsel to conduct a reasonable inquiry into the contents of every petition, pleading, written motion or other paper submitted to the court. Rule 9011(c) authorizes the imposition of sanctions for violations of Rule 9011(b).

In determining that Rule 9011 sanctions were warranted, the Bankruptcy Court concluded that "Triad's request for attorney's fees was not justified by 'existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing

7

law or the establishment of new law.'" Document No. 87 in Case No. 03-31579-H1-13, at 5. The Bankruptcy Court also concluded that Triad's request for attorney's fees "was made in the anticipation that it would not be scrutinized by the Court because it was filed as an agreed order." Id.

Under Rule 9011(c)(2), "[a] sanction imposed for violation of the rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Depending upon the particular circumstances, an appropriate sanction "may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant if some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Id.

The Bankruptcy Court explained the reasons for the sanctions it was assessing against Mr. Holliday as follows:

> . . . . Each of the bankruptcy judges sitting in Houston has a caseload of approximately 5,000 cases. Each year, there are more than 12,000 motions for relief from the automatic stay. Each week, there are approximately 200 agreed orders or default orders issued on motions for relief from the stay. As a consequence of this workload, Bankruptcy Judge must be able to rely on counsel's compliance with FED. R. BANKR. P. 9011. When reviewing an agreed order, the Court should be able to rely on counsel's representation (imposed by FED. R. BANKR. P. 9011) that the contents of the agreed order are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or

> the establishment of new law. FED. R. BANKR. P.
> 9011(b)(2), Moreover, the Court should be able to rely
> on the representation that the factual contentions have
> (or are likely to have) evidentiary support. FED. R.
> BANKR. P. 9011(b)(3). Even if an order in another case
> has been incorrectly signed, that does not justify
> additional violations. It merely emphasizes the
> importance that violations of the rule be dealt with in
> a just manner.
>
> **Monetary vs. Non-Monetary Sanctions**
>
> The Court has considered whether monetary sanctions
> are appropriate in this case. To be sure, this matter
> has taken substantial court time and monetary sanctions
> could be imposed to reflect the use of judicial resources
> and court time. Nevertheless, the Court believes that
> monetary sanctions need not be imposed in this case. The
> proposed order was an *agreed* [order] and the Court
> believes that that should ameliorate the sanctions to be
> imposed. Moreover, the Court does not believe that mild
> monetary sanctions would serve to protect against future
> violations or that this violation justifies severe
> monetary sanctions.
>
> Rather than imposing monetary sanctions, the Court
> merely requires that Mr. Holliday discontinue practices
> that violate his duties under FED. R. BANKR. P. 9011.

Document No. 87 in Case No. 03-31579-H1-13 at 13-14. On these findings, the Bankruptcy Court did not abuse its discretion in its determination that Triad's request for attorney's fees was sanctionable under Rule 9011, and did not abuse its discretion by sanctioning Triad's counsel with an order only that he not again file any pleading or proposed order in the Bankruptcy Court for the Southern District of Texas that seeks an award of attorney's fees for an undersecured creditor holding a lien on a vehicle or other personal property.

C.  **Jurisdictional scope of the sanctions order**

Triad argues that the Bankruptcy Court did not have the authority or jurisdiction to preclude conduct by Mr. Holliday in jurisdictions other than the Southern District of Texas.  On that point Triad is correct.  This Court can govern the admission of lawyers to practice in the Southern District of Texas and, where appropriate, impose reasonable sanctions for improper conduct in this Court.  But that portion of the Bankruptcy Court's Order intended to govern an attorney's conduct and that of his law firm in other courts "throughout the United States" exceeds the bounds of this Court's jurisdiction.  Accordingly, paragraph 4 of the Bankruptcy Court's Order entered December 6, 2004, will be reversed and vacated.

## IV.  Order

Based on the foregoing, it is

ORDERED that paragraph 4 of the sanctions contained in the December 16, 2004, Memorandum Opinion and Order of the Bankruptcy Court "Barring Future Violations of Bankruptcy Rule 9011" is

REVERSED and VACATED. and the sanctions order is otherwise AFFIRMED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 30th day of August, 2005.

```
                    _____
                       EWING WERLEIN, JR.
                    UNITED STATES DISTRICT JUDGE
```